IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANKIE THOMAS,** : | **CIVIL NO. 1:CV-05-0278** |
| **Petitioner** : | |
| v. : | |
| **TROY WILLIAMSON, Warden,** : | |
| **United States Penitentiary at** : | |
| **Allenwood,** : | |
| **Respondent** : | |

## MEMORANDUM AND ORDER

On March 31, 2005, this court entered an order dismissing a petition for writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241. That petition challenged the Bureau of Prisons' action in honoring a detainer filed by the Pennsylvania Board of Probation and Parole. Petitioner has now filed the following documents entitled as follows: (1) "Motion to Make Additional Findings of Fact as to the Facts and Law Overlooked and/or Misapprehended by the Court in Addition, to Alter/Amend its Memorandum and Order of March 31, 2005"; (2) "Supplemental Affidavit in Support of Attached Pleadings Under Rules 52(b), 59(e), and 13(e)(f), 15(a) - (b), Federal Rules of Civil Procedure, Respectively"; (3) "Motion for Leave to Amend and/or Supplement Petitioner's Defective Pleading With Facts and Authorities. In Addition, Motion to Amend/Supplement to Conform to the Evidence"; and (4) "Letter/Motion for Leave to and to Supplement Petitioner's Pending Rule 52(b), 59(e) and/or 60(b) Motion With Relevant Authorities and Exhibits in Support Thereof." While no motions were filed pursuant to Federal Rules

of Civil Procedure 59(e) or 60(b), the court will treat all of these documents as a motion for reconsideration of this court's March 31, 2005 memorandum and order.

In Petitioner's motions, he continues to argue that federal law preempts state law and/or that Article VI of the United States Constitution – the Supremacy Clause – precludes state jurisdiction over him for a state parole violation.

Petitioner relies heavily on *Brown v. Hotel Employees*, 468 U.S. 461 (1983). That case involved the issue of preemption by § 7 of the National Labor Relations Act ("NLRA") over state law pursuant to the Supremacy Clause. In fact, in that case the Court found that ". . . where the States were confronted with the 'public evils' of crime, corruption and racketeering, state regulation . . . was not incompatible with the national labor policy. . . ." *Id.* at 508 (footnote omitted). Thus, the Court recognized dual sovereignty in enforcement of criminal law.

Petitioner also cites *Livadas v. Bradshaw*, 512 U.S. 107 (1993); *Hi Tech Trans. LLC v. New Jersey*, 382 F.3d 295 (3d Cir. 2004); and *Caldwell v. United States*, 842 F. Supp. 945 (E.D. Mich. 1994), in support of his argument. In *Livadas*, the Court again addressed the issue of the preemptive affect of the Labor Management Relations Act and is not pertinent to Petitioner's case. *Hi Tech Trans. LLC* involved the issues of preemption under the Supremacy Clause and abstention pursuant to *Younger v. Harrs*, 401 U.S. 37 (1971). These principles are not pertinent to the case at bar. In *Caldwell v. United States*, the court was concerned with the interplay between the Parole Commission Guidelines and the Sentencing Guidelines – issues not involved in Petitioner's underlying case.

Petitioner has not supplied this court with any supplemental arguments or case law that causes this court to reconsider its March 31, 2005 memorandum and order.  **IT IS THEREFORE ORDERED THAT:**

1) Documents numbered 12, 13, 14, 15 are deemed to be a motion for reconsideration with supporting documents.

2) The motion for reconsideration is **DENIED**.

3) The file remains closed.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  April 21, 2005.